IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,957-01






EX PARTE JOSE LUIS AGUILAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. S-07-3241CR IN THE 36TH DISTRICT COURT


FROM SAN PATRICIO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and indecency with a child and sentenced to two terms of twenty years' imprisonment. 

 Applicant contends that he was denied his right to appeal. On November 26, 2008, we
remanded this application for findings of fact and conclusions of law. On remand, the trial court
found that trial counsel was not retained to file an appeal and that Applicant did not ask trial counsel
to file an appeal. We believe the record is not adequate to resolve Applicant's claim. Accordingly,
the trial court shall make findings of fact on whether Applicant filed pretrial motions and, if so,
whether he waived his right to appeal these motions. If the trial court finds that Applicant did file
pretrial motions and did not waive his right to appeal these motions, the trial court shall provide
counsel with the opportunity to state whether he advised Applicant on the "meaning and effect of
the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving
notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional
judgment as to possible grounds for appeal and their merit, and delineating advantages and
disadvantages of appeal." Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact on whether Applicant was denied his right
to a meaningful appeal. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 7, 2009

Do not publish